UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 13-16222-BKC-PGH |
| UNITY SHIPPING LINES, INC., et al., | Chapter 13 |
| Debtors. | |
| _____/ | |
| SONEET R. KAPILA, Trustee in Bankruptcy for Unity Shipping Lines, Inc., et al, | Adv. Case No. 16-01153-PGH |
| Plaintiff, | |
| vs. | |
| SANDRA SMITH, | |
| Defendant. | |
| _____/ | |

## MOTION TO QUASH SUBPOENA, OR ALTERNATIVELY, FOR PROTECTIVE ORDER

Interested parties Leiderman Shelomith Alexander + Somodevilla, PLLC ("LSAS"), Leiderman Shelomith, P.A. ("LSPA"), Alexander + Somodevilla, PLLC ("ASPA"), Zach B. Shelomith, Esq. ("Shelomith") and Christian Somodevilla, Esq. ("Somodevilla") (collectively, the "Attorneys"), pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii), made applicable herein pursuant to Fed. R. Bankr. P. 9016, request the Court enter an order quashing three (3) Subpoenas, directed towards LSAS, Shelomith and Somodevilla, which are attached hereto as Exhibit "A", or alternatively, enter a protective order with respect to such Subpoenas, and providing that the Attorneys shall not be required to produce the documents referenced therein, and state as follows:

### I. Factual Background

1. This adversary proceeding was commenced on March 22, 2016 [ECF No. 1].

2. On April 22, 2016, ASPA and Somodevilla filed a Notice of Appearance and Request for Service, on behalf of Sandra Smith (the "Defendant") [ECF No. 5].

_____
Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

3. On June 1, 2016, ASPA and LSPA merged to form a new law firm entity, LSAS.

4. On June 23, 2016, the Court entered an Agreed Order Granting Defendant's Third Agreed *Ex-Parte* Motion for Extension of Time to File Initial Response to Plaintiff's Complaint [ECF No. 15], which provided that the deadline for the Defendant to file an initial response to the Plaintiff's Complaint was extended to July 6, 2016.

5. On July 15, 2016, Somodevilla and ASPA filed a Motion to Withdraw as Counsel [ECF No. 18].

6. On July 19, 2016, a Clerk's Default was entered against the Defendant [ECF No. 22].

7. On August 18, 2016, the Court entered an Order Granting Alexander + Somodevilla, PLLC's Motion to Withdraw as Counsel for the Defendant [ECF No. 24][1].

8. Thereafter, on September 6, 2016, the Plaintiff filed the Plaintiff/Trustee's Motion for Default Final Judgment Against Defendant [ECF No. 27] (the "Motion for Default Final Judgment").

9. The hearing on the Motion for Default Final Judgment took place on September 23, 2016 at 9:30 a.m. [ECF No. 28][2].

10. On September 28, 2016, the Court entered an Order Vacating Default and Denying, Without Prejudice, Plaintiff's Motion for Default Final Judgment [ECF No. 36] (the "Order Vacating Default"). The Order Vacating Default provided that the Motion for Default Final Judgment was denied without prejudice and that the Clerk's Default was vacated. The

---

[1] Since the deadline to file a response to the Complaint had already passed by this date, during which time the parties were engaged in settlement negotiations, the Court requested that the order provide that the Defendant be made aware of the Pretrial Conference that was scheduled for September 7, 2016 at 9:30 a.m. Somodevilla and ASPA did, in fact, provide the Defendant with a copy of the order, which provided such notice.

[2] At the hearing, Felipe Plechac-Diaz, Esq. ("Plechac-Diaz"), an associate at LSAS, was present in the courtroom for another matter. Plechac-Diaz, due to his association with LSAS, was called to appear at the hearing and engaged in dialogue with the Court regarding ASPA's representation of the Defendant in this proceeding. However, in an effort to clarify the record, it must be noted that Plechac-Diaz had absolutely no involvement in this proceeding or the representation of the Defendant. Plechac-Diaz did not file any pleadings or otherwise appear in this proceeding.

Order Vacating Default required the Defendant to file an answer to the Complaint on or before October 7, 2016.

11.   That same day, LSAS[3], Shelomith[4] and Somodevilla were served[5] with three (3) identical Subpoenas (attached hereto as Exhibit "A") (the "Subpoenas"), which requested the production of the following documents and records (the "Requested Documents") on October 5, 2016 at 5:00 p.m.:

> Please produce any and all transmission documents (including communications and correspondence) evidencing that a copy of the Complaint was being transmitted to or from Sandra Smith. Through this request, the Plaintiff is only requesting the transmission of the Complaint, not the content of any advice sought by Sandra Smith, in the communication to which it was attached. The Complaint itself is not privileged material, nor is the fact that the transmission was made/Complaint was sent. Accordingly, you may redact the substance of any email or communication, but not the fact that the Complaint was attached or the sender, recipient, date and time, as this information is not subject to the attorney-client privilege.

## II. Applicable Law

12.   Fed. R. Civ. P. 45, made applicable herein through Fed. R. Bank. P. 9016, governs subpoenas.

13.   Fed. R. Civ. P. 45(d)(3)(A)(iii) provides that the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies."

14.   Fed. R. Civ. P. 45(d)(2)(B) provides that a person commanded to produce documents may serve on the party or attorney designated in the subpoena a written objection, which must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

---

[3] LSAS did not file any Notice of Appearance on behalf of the Defendant and no Stipulation for Substitution of Counsel was filed. However, since LSAS was served with a Subpoena, and may be in possession of documentation that would otherwise be responsive to the Subpoena, it is responding herein.

[4] Shelomith did not file any Notice of Appearance on behalf of the Defendant and no Stipulation for Substitution of Counsel was filed. However, since Shelomith was served with a Subpoena, and may be in possession of documentation that would otherwise be responsive to the Subpoena, he is responding herein.

[5] Shelomith agreed to accept service of the Subpoenas on behalf of himself, Somodevilla and LSAS, by e-mail.

---

15. Fed. R. Civ. P. 45(e)(2)(A) provides that a "person withholding subpoenaed information under a claim that it is privileged or subject to protection as a trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim".

16. Fed. R. Civ. P. 34(b)(2)(A), made applicable herein through Fed. R. Bank. P. 7034, provides that the party to whom a request for production of documents is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to or be ordered by the Court.

17. Rule 4-1.9(c) of the Florida Rules of Professional Conduct provides that a lawyer who has formerly represented a client in a matter must not afterwards reveal information relating to the representation except as these rules would permit or require with respect to a client.

18. Rule 4-1.6(a) of the Florida Rules of Professional Conduct provides that a lawyer must not reveal information relating to representation of a client except as stated in subdivisions (b), (c), and (d), unless the client gives informed consent.

### III. Legal Argument

19. The Requested Documents are subject to the attorney-client privilege and should not be produced. "The attorney-client privilege protects confidential disclosures by a client to an attorney made in order to obtain legal assistance." *In re Int'l Oil Trading Co., LLC*, 548 B.R. 825, 831 (Bankr. S.D. Fla. 2016) (Kimball, J)[6].

20. A privilege log is attached hereto as Exhibit "B", which complies with Fed. R. Civ. P. 45(e)(2)(A)(ii). Pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii), the Subpoenas should therefore be quashed.

---

[6] The court in *Int'l Oil Trading Co., LLC* also recognized the existence of certain exceptions to the general rule regarding the disclosure of privileged information to non-attorneys. One such exception is the Common Interest Exception and another such exception is the Agency Exception. *Id.*

21. Furthermore, disclosure of the Requested Documents would cause the Attorneys to violate Rule 4-1.6(a) of the Florida Rules of Professional Conduct. Therefore, even if the attorney-client privilege did not already apply, the Subpoenas would require disclosure of an "other protected matter" and therefore should be quashed.

22. Fed. R. Civ. P. 45(d)(3)(A)(iii) provides that the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." No such exception or waiver applies.

23. The Defendant has not provided consent to produce the Requested Documents.

24. Furthermore, the Subpoenas are in violation of Fed. R. Civ. P. 34(b)(2)(A) because they require the production of the Requested Documents within seven (7) days, and the Court has not shortened the time period from the required thirty (30) day time frame.

25. The Defendant should also be provided with a reasonable opportunity to file her own objection to the Subpoenas, as well, and a seven (7) day time period, especially when the Defendant lives out of state, is not reasonable.

26. While the Plaintiff asserts in the Subpoenas that the Requested Documents are not subject to the attorney-client privilege because the Plaintiff is only requesting the transmission of the Complaint to/from the Defendant, the Attorneys disagree that such limiting language removes the Requested Documents from the realm of attorney-client privileged or confidential information. If the Requested Documents were attached in a communication to/from the Attorneys to/from the Defendant, then the entire communication would be protected.

27. For all of the above reasons, the Subpoenas should be quashed. Alternatively, the Court should enter a protective order, providing that the Attorneys are not required to produce the Requested Documents to the Plaintiff.

_____

Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

28.     I certify that I conferred with counsel for the Plaintiff in a good faith effort to resolve by agreement the issues raised herein; however, the parties were unable to do so.

WHEREFORE, the Attorneys[7] respectfully request that the Court: (a) enter an order quashing the Subpoenas; (b) alternatively, enter a protective order, providing that the Attorneys are not required to produce the Requested Documents to the Plaintiff; and (c) grant such other and further relief as the Court deems just and proper.

Dated: September 30, 2016

LEIDERMAN SHELOMITH
ALEXANDER + SOMODEVILLA, PLLC
On behalf of the Attorneys, defined above
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
ZACH B. SHELOMITH
Florida Bar No. 0122548
zbs@lsaslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on September 30, 2016 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference) and via U.S. Mail to Sandra Smith, 6808 Blazing Sunset Trail, Wake Forest, NC 27587 (and via electronic mail).

By:_____/s/_____
Zach B. Shelomith

**Mailing Information for Case 16-01153-PGH**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Rilyn A Carnahan    rilyn.carnahan@gmlaw.com, efileu1092@gmlaw.com;efileu1089@gmlaw.com;melissa.bird@gmlaw.com;efileu1435@gmlaw.com;efileu1094@gmlaw.com;efileu1093@gmlaw.com;gregory.stolzberg@gmlaw.com

---

[7] Although none of the Subpoenas were directed towards ASPA, it is responding herein, in an abundance of caution, as it was the law firm of record representing the Defendant.  Furthermore, although none of the Subpoenas were directed towards LSPA, it is responding herein, in an abundance of caution, as it may be in possession of documentation that would otherwise be responsive to the Subpoena.

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

Case 16-01153-PGH    Doc 38    Filed 09/30/16    Page 7 of 19

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

**UNITY SHIPPING LINES, INC., et al.**

   Debtors.
_____/

**SONEET R. KAPILA, Trustee in Bankruptcy for Unity Shipping Lines, Inc., et al,**

   Plaintiff,

vs.

**SANDRA SMITH**

   Defendant.
_____/

Case No.: 13-16222-PGH
(Substantively Consolidated)

Chapter 7

Adv. Proc. No.:16-01153-PGH

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Leiderman Shelomith Alexander & Somodevilla
c/o Zach B. Shelomith, Registered Agent
2699 Stirling Rd., Suite C401
Fort Lauderdale, FL 33312

[X] **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**All Documents requested in Exhibit "A" attached hereto**

**YOU MUST FIRST CONTACT THE ATTORNEY LISTED BELOW FOR ACCEPTANCE OF ANY COSTS IN PROVIDING COPIES BEFORE YOU WILL BE REIMBURSED FOR SAME.**

| PLACE: Greenspoon Marder, P.A.<br>525 Okeechobee Blvd., Suite 900<br>West Palm Beach, FL 33401<br>Attn: Rilyn A. Carnahan, Esq. | DATE AND TIME:<br>October 5, 2016 at 5:00 p.m. |
|---|---|

  The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 28, 2016

     ~~CLERK OF COURT~~

              OR

_____   */s/ Rilyn Carnahan*
*Signature of Clerk or Deputy*       *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *Soneet R. Kapila, Trustee in Bankruptcy for Unity Shipping Lines, Inc., et al*

Rilyn A. Carnahan, Esq.; 525 Okeechobee Blvd., Suite 1570; West Palm Beach, FL 33401; (561)838-4557; rilyn.carnahan@gmlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/15)

              Exhibit "A"

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Exhibit "A"

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) hese acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) ) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) isclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) sures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) ) expressly make the claim; and
    (ii) scribe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

Exhibit "A"

## EXHIBIT "A"

1. Please produce any and all transmission documents (including communications and correspondence) evidencing that a copy of the Complaint was being transmitted to or from Sandra Smith. Through this request, the Plaintiff is only requesting the transmission of the Complaint, not the content of any advice or communication given to Sandra Smith or the content of any advice sought by Sandra Smith, in the communication to which it was attached. The Complaint itself is not privileged material, nor is the fact that the transmission was made/Complaint was sent. Accordingly, you may redact the substance of any email or communication, but not the fact that the Complaint was attached or the sender, recipient, date and time, as this information is not subject to the attorney-client privilege.

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

Case 16-01153-PGH    Doc 38    Filed 09/30/16    Page 11 of 19

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

UNITY SHIPPING LINES, INC., et al.

Debtors.
_____/

SONEET R. KAPILA, Trustee in Bankruptcy
for Unity Shipping Lines, Inc., et al,

    Plaintiff,

vs.

SANDRA SMITH

    Defendant.
_____/

Case No.: 13-16222-PGH
(Substantively Consolidated)

Chapter 7

Adv. Proc. No.:16-01153-PGH

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Zach Barry Shelomith, Esq.
Leiderman Shelomith Alexander & Somodevilla
2699 Stirling Rd., Suite C401
Fort Lauderdale, FL 33312

[X] **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**All Documents requested in Exhibit "A" attached hereto**

**YOU MUST FIRST CONTACT THE ATTORNEY LISTED BELOW FOR ACCEPTANCE OF ANY COSTS IN PROVIDING COPIES BEFORE YOU WILL BE REIMBURSED FOR SAME.**

| PLACE: Greenspoon Marder, P.A.<br>525 Okeechobee Blvd., Suite 1570<br>West Palm Beach, FL 33401<br>Attn: Rilyn A. Carnahan, Esq. | DATE AND TIME:<br>October 5, 2016 at 5:00 p.m. |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 28, 2016

CLERK OF COURT

OR

_____     _____/s/ Rilyn Carnahan_____
    *Signature of Clerk or Deputy*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *Soneet R. Kapila, Trustee in Bankruptcy for Unity Shipping Lines, Inc., et al*
Rilyn A. Carnahan, Esq.; 525 Okeechobee Blvd., Suite 1570; West Palm Beach, FL 33401; (561)838-4557; rilyn.carnahan@gmlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit "A"

LF-84 (rev. 12/01/15)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Exhibit "A"

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) hese acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) ) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) isclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) sures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) ) expressly make the claim; and
  (ii) scribe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Exhibit "A"

## EXHIBIT "A"

1. Please produce any and all transmission documents (including communications and correspondence) evidencing that a copy of the Complaint was being transmitted to or from Sandra Smith. Through this request, the Plaintiff is only requesting the transmission of the Complaint, not the content of any advice or communication given to Sandra Smith or the content of any advice sought by Sandra Smith, in the communication to which it was attached. The Complaint itself is not privileged material, nor is the fact that the transmission was made/Complaint was sent. Accordingly, you may redact the substance of any email or communication, but not the fact that the Complaint was attached or the sender, recipient, date and time, as this information is not subject to the attorney-client privilege.

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

Case 16-01153-PGH    Doc 38    Filed 09/30/16    Page 15 of 19

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

UNITY SHIPPING LINES, INC., et al.

    Debtors.
_____/

SONEET R. KAPILA, Trustee in Bankruptcy
for Unity Shipping Lines, Inc., et al,

    Plaintiff,

vs.

SANDRA SMITH

    Defendant.
_____/

Case No.: 13-16222-PGH
(Substantively Consolidated)

Chapter 7

Adv. Proc. No.:16-01153-PGH

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Christian Somodevilla, Esq.
Leiderman Shelomith Alexander & Somodevilla
One Biscayne Tower
2 S. Biscayne Blvd., Suite 2300
Miami, FL 33131-1803

[X] **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**All Documents requested in Exhibit "A" attached hereto**

**YOU MUST FIRST CONTACT THE ATTORNEY LISTED BELOW FOR ACCEPTANCE OF ANY COSTS IN PROVIDING COPIES BEFORE YOU WILL BE REIMBURSED FOR SAME.**

| PLACE: Greenspoon Marder, P.A.<br>525 Okeechobee Blvd., Suite 1570<br>West Palm Beach, FL 33401<br>Attn: Rilyn A. Carnahan, Esq. | DATE AND TIME:<br>October 5, 2016 at 5:00 p.m. |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 28, 2016

CLERK OF COURT

    OR    *[signature: Rilyn Carnahan]*

_____
*Signature of Clerk or Deputy*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *Soneet R. Kapila, Trustee in Bankruptcy for Unity Shipping Lines, Inc., et al*

Rilyn A. Carnahan, Esq.; 525 Okeechobee Blvd., Suite 1570; West Palm Beach, FL 33401; (561)838-4557; rilyn.carnahan@gmlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/15)

Exhibit "A"

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Exhibit "A"

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) hese acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) ) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) isclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) sures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) ) expressly make the claim; and
    (ii) scribe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Exhibit "A"

## EXHIBIT "A"

1. Please produce any and all transmission documents (including communications and correspondence) evidencing that a copy of the Complaint was being transmitted to or from Sandra Smith. Through this request, the Plaintiff is only requesting the transmission of the Complaint, not the content of any advice or communication given to Sandra Smith or the content of any advice sought by Sandra Smith, in the communication to which it was attached. The Complaint itself is not privileged material, nor is the fact that the transmission was made/Complaint was sent. Accordingly, you may redact the substance of any email or communication, but not the fact that the Complaint was attached or the sender, recipient, date and time, as this information is not subject to the attorney-client privilege.

23841522v1

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 13-16222-BKC-PGH |
| UNITY SHIPPING LINES, INC., et al., | Chapter 13 |
| Debtors. _____/ | |
| SONEET R. KAPILA, Trustee in Bankruptcy for Unity Shipping Lines, Inc., et al, | Adv. Case No. 16-01153-PGH |
| Plaintiff, vs. | |
| SANDRA SMITH, | |
| Defendant. _____/ | |

## **PRIVILEGE LOG**

### **MOTION TO QUASH SUBPOENA, OR ALTERNATIVELY, FOR PROTECTIVE ORDER**

| Type of Document | Name of Provider/Author | Name of Each Recipient | Date of the Information | Title and/or Description of Document | Subject Matter Addressed |
|---|---|---|---|---|---|
| E-mail | Kevin Cummings | Zach Shelomith | April 15, 2016 | "Sandra Smith / Kevin Cummings" | Retention of Counsel |

**Exhibit "B"**